CITY OF DETROIT
LAW DEPARTMENT

FIRST NATIONAL BUILDING
660 WOODWARD AVENUE, SUITE 1650
DETROIT, MICHIGAN 48226-3535
PHONE 313•224•4550 TTY:311
FAX 313•224•5505
WWW.DETROITMI.GOV

October 15, 2010

Arthur Loevy, Esq.
Michael Kanovitz, Esq.
Cindy Tsai, Esq.
312 North May Street, Suite 100
Chicago, IL 60607

David L. Haron, Esq.
Mercedes Varasteh Dordeski, Esq.
Tamara E. Fraser, Esq.
5435 Corporate Drive, Suite 225
Troy, MI 48098

Re: **Johnathan Aaron Brown vs. City of Detroit**
    **Case No. 10:CV-12162**

Dear Counsel:

Enclosed please find Defendant's Response to Plaintiff's First Set of Requests to Admit along with a Certificate of Service relative to the above-captioned lawsuit.

Sincerely,

*Dennis Burnett*

Dennis Burnett
Assistant Corporation Counsel

DB:ml

Enclosure

K:\DOCS\LIT\BURND\A37000\LTR\ML7899.WPD

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN, NORTHERN DIVISION

JOHNATHAN AARON BROWN, on behalf of
himself and a class of others similarly situated,

        Plaintiff,                       NO 1:10-CV-12162

       v.                               Judge Ludington
                                               Magistrate Judge Binder

CITY OF DETROIT,

        Defendant.

---

ARTHUR LOEVY
MICHAEL KANOVITZ
CINDY TSAI
312 North May Street, Suite 100
Chicago, IL 60607
(312) 243-5900
loevylaw@loevy.com

DAVID L. HARON (P-14655)
MERCEDES VARASTEH DORDESKI
TAMARA E. FRASER
FRANK, HARON, WEINER AND NAVARRO
5435 Corporate Drive, Suite 225
Troy, MI 48098
(248) 952-0400

DENNIS BURNETT (P-27099)
Assistant Corporation Counsel
Attorney for Defendant
660 Woodward Avenue
1650 First National Building
Detroit, MI 48226
(313) 237-3013
BurnD@detroitmi.gov

---

## DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS TO ADMIT

**NOW COMES** Defendant, City of Detroit, by and through its undersigned attorney and for its Response to Plaintiff's First Set of Requests to Admit, says as follows:

    1.    Since at least January 1, 2006, the City of Detroit's practice has been to allow people who are arrested without an arrest warrant to remain in custody for more than 48 hours

without a judicial determination of probable cause if there is no emergency or extraordinary circumstances.

**ANSWER:** Denied

2. Since at least June 1, 2007, the City of Detroit has required all persons arrested without an arrest warrant to be either released or to receive a judicial determination of probable cause within 48 hours of arrest.

**ANSWER:** The above is an accurate statement of the policy of the City of Detroit, Detroit Police Department for said time period

3. Since at least June 1, 2007, the City of Detroit has required all persons arrested without an arrest warrant to be either released or to receive a judicial determination of probable cause within 48 hours of arrest if there is no emergency or extraordinary circumstances.

**ANSWER:** The above is an accurate statement of the policy of the City of Detroit, Detroit Police Department for said time period.

4. Since at least January 1, 2006, the person or persons with final policymaking authority over the City of Detroit police department is (are) aware of the widespread practices of the City of Detroit police department.

**ANSWER:** 4. The Defendant objects that the breadth and scope of the Request for Admission corresponding hereto renders same unanswerable. The Defendant specifically

objects to this Request for Admission because it does not ask about a specific "widespread practice' but about all widespread practices simultaneously. The Board of Police Commissioners sets policy for the DPD, some of or none of the commissioners may be aware of specific widespread practices of the DPD with respect to a particular issue. Some or all of the commissioners may be unaware of any particular widespread practice during the period of time stated.

5. Since at least January 1, 2006, the person or persons with final policymaking authority over the City of Detroit police department is (are) aware of the policies of the City of Detroit police department.

**ANSWER:**

The Defendant objects that the breadth and scope of the Request for Admission corresponding hereto renders same unanswerable. The Defendant specifically objects to this Request for Admission because it does not ask about a specific policies but about all policies simultaneously. The policies of the Detroit Police Department are determined by the Board of Police Commissioners which is composed of civilians serving staggered terms. However, every member may or may not be aware of each and every policy of the Detroit Police Department as they existed at any moment in time since January 1, 2006.

6. Since at least January 1, 2006, the person or persons with final policymaking authority over the City of Detroit police department is (are) aware of the customs of the City of

Detroit police department.

**ANSWER:**

The Defendant objects that the breadth and scope of the Request for Admission corresponding hereto renders same unanswerable inasmuch as "customs" are even more amorphous than policies (which themselves may be written or unwritten). The Defendant specifically objects to this Request for Admission because it does not inquire about a specific custom but about all customs simultaneously. It is doubtful that any single commissioner or the commission as a whole would be aware of all Detroit Police Department customs as they existed at any particular moment in time.

7. Since at least June 1, 2007, the person or persons with final policymaking authority over the City of Detroit police department is (are) aware of the widespread practices of the City of Detroit police department.

**ANSWER:**

The Defendant objects that the breadth and scope of the Request for Admission corresponding hereto renders same unanswerable inasmuch as "widespread practices" may be even more amorphous than customs. The Defendant specifically objects to this Request for Admission because it does not ask about a specific practice but about all practices simultaneously. It is doubtful that any single commissioner or the commission as a whole would be aware of all Detroit Police Department customs as they existed at any particular moment in time.

8. Since at least June 1, 2007, the person or persons with final policymaking

K:\DOCS\LIT\BURND\A37000\req_adm\ML7894.WPD         4

authority over the City of Detroit police department is (are) aware of the policies of the City of Detroit police department.

**ANSWER:**

The Defendant objects that the breadth and scope of the Request for Admission corresponding hereto renders same unanswerable. The policies of the Detroit Police Department are determined by the Board of Police Commissioners which is composed of civilians serving staggered terms. However, every member may or may not be aware of each and every policy of the Detroit Police Department at any particular moment during the period specified.

9. Since at least June 1, 2007, the person or persons with final policymaking authority over the City of Detroit police department is (are) aware of the customs of the City of Detroit police department.

**ANSWER:**

The Defendant objects that the breadth and scope of the Request for Admission corresponding hereto renders same unanswerable inasmuch as "customs" are even more amorphous than policies (which themselves may be written or unwritten). The Defendant specifically objects to this Request for Admission because it does not ask about a specific custom but about all customs simultaneously. It is doubtful that any single commissioner or the commission as a whole would be aware of all Detroit Police Department customs as they existed at any particular moment in time.

Respectfully submitted,

Dennis Burnett (P-27099)
Assistant Corporation Counsel
Attorney for Defendant
City of Detroit Law Department
660 Woodward Avenue
1650 First National Building
Detroit, MI 48226
(313) 237-3013
BurnD@detroitmi.gov

Dated: **October 15, 2010**

## CERTIFICATE OF SERVICE

I, Marcia Landrum, certify that on October 15, 2010, I served Defendant's Response to Plaintiff's First Set of Requests to Admit electronically and by first class mail to counsel of record for Plaintiff.

Marcia Landrum