UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHNATHAN AARON BROWN,

        Plaintiff,

                                                      Case Number 10-12162-BC
v.                                                    Honorable Thomas L. Ludington

CITY OF DETROIT,

        Defendant.
_____ /

## ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS, ENTERING A DEFAULT, AND SETTING HEARING

On June 1, 2010, Plaintiff Johnathan Aaron Brown filed a complaint against Defendant City of Detroit, alleging, on behalf of himself and thousands of other similarly situated persons, that Defendant routinely violated the constitutional rights of people suspected of criminal activity in the City of Detroit. Plaintiff contends that he was arrested by the Detroit Police Department at 10:00 a.m. on September 21, 2007, and detained in a cold, isolated holding cell without proper food, blankets, or a pillow for fifty-five hours before he was finally arraigned. Pl.'s Compl. ¶¶ 27–35. Plaintiff further alleges that Defendant treated thousands of other arrestees in a similar manner. *Id.* ¶¶ 38(a), 44(a), 51(a). Plaintiff contends that Defendant deprived the class members of their constitutional rights in violation of 42 U.S.C. § 1983.

The Court entered a scheduling order on August 5, 2010 [Dkt. #13]. In October, the parties jointly asked the Court to bifurcate discovery, focusing on liability at the first stage, and if necessary, damages at the second stage. On December 16, 2010, the Court granted the parties joint request.

Since the initial scheduling order was entered on August 5, 2010, [Dkt. # 13] there have been

a series of delays and discovery problems, which has resulted in several motions and stipulated orders establishing deadlines and disclosure requirements. [Dkt. # 14–24]. Defendant has repeatedly missed the deadlines and ignored the Court's orders. On March 16, 2011—more than seven months after discovery began—Plaintiff filed a motion for sanctions emphasizing that Defendant has not complied with Plaintiff's discovery requests and this Court's orders. At this point, Defendant apparently refuses to even speak with Plaintiff's attorneys or respond to their written inquiries. Plaintiff suggested that the Court should enter a default against Defendant as a sanction for refusing to comply with this Court's orders and the discovery rules.

On April 7, 2011, the Court entered an order setting Plaintiff's motion for hearing on April 14, 2011. The Court noted that Defendant had still not responded to Plaintiff's motion despite its obligation to do so under the rules. *See* E.D. Mich. L.R. 7.1(c)(1), (e)(2)(B). The Court also emphasized its intent to accelerate the progress of this case, and that Defendant's nonresponsiveness would not be tolerated. After the Court entered the order, Defendant still did not respond to Plaintiff's motion. Defendant also did not appear for the hearing, which demonstrates that Defendant is no longer interested in defending this case.

Accordingly, it is **ORDERED** that Plaintiff's motion for sanctions [Dkt. # 25] is **GRANTED**.

It is further **ORDERED** that a default as to liability will be entered against Defendant for its failure to defend against Plaintiff's claims. Fed. R. Civ. P. 55(a).

It is further **ORDERED** that Plaintiff is directed to provide a memorandum of law on or before **May 11, 2011**, explaining the legal authority for entry of judgment in favor of the three classes described in Plaintiff's complaint, outlining the damages to which class members are

entitled, and proposing a method for providing notice to the classes.

It is further **ORDERED** that a hearing will be held on **May 31, 2011 at 2:00 p.m.** for consideration of an appropriate damage award and class notice.

                                                s/Thomas L. Ludington  
                                                THOMAS L. LUDINGTON  
                                                United States District Judge

Dated: April 18, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 18, 2011.

                              s/Tracy A. Jacobs  
                              TRACY A. JACOBS