UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHON AARON BROWN,

    Plaintiff,

vs.

Case No. 10-12162 TLL-CEB
Hon. Thomas L. Ludington

CITY OF DETROIT,

    Defendants.

---

**David L. Haron (P14655)**
**Louis C. Szura (P71764)**
**FRANK, HARON, WEINER and NAVARRO**
**Attorneys for Plaintiffs**
5435 Corporate Drive, Suite 225
Troy, MI 48098
Phone : (248) 952-0400
Fax: (248) 952-0890

**DENNIS BURNETT (P-27099)**
ATTORNEY FOR THEN DEFENDANTS
1650 FIRST NATIONAL BUILDING
DETROIT, MI 48226
(313) 237-3013
burnd@law.ci.detroit.mi.us

/

**ARTHUR LOEVY**
**MICHAEL KANOVITZ**
**JON LOEVY**
**CINDY TSAI**
**LOEVY & LOEVY**
ATTORNEYS FOR THE PLAINTIFFS
312 NORTH MAY ST., SUITE 100
CHICAGO, IL 69607
TELEPHONE: (312) 243-5900
FACSIMILE: (312) 243-5902
CINDY@LOEVY.COM

---

### DEFENDANT CITY OF DETROIT'S MOTION TO SET ASIDE DEFAULT

In accordance with FRCP 55(c), Defendant City of Detroit hereby moves this court to set aside the default entered in this matter. In support of its position, Defendant City of Detroit offers the following:

1. The above captioned case was filed on 6-1-10.

2. Plaintiff alleges that he was illegally detained on 9-23-07 for more than 48 hours without being taken before a magistrate, that he was not properly fed or provided with a sanitary and healthy detention cell, and seeks to represent those similarly situated in a class action.

3. That on 12-17-10 a stipulated order compelling Defendant to comply with discovery was entered.

4. On 3-16-11 Plaintiff filed a Motion for Sanctions for violation of the stipulated discovery order.

5. On 4-4-11 the undersigned returned to the office from surgical medical leave.

6. On 4-6-11 the undersigned began trial before Judge Robert Colombo, Jr.

7. On 4-7-11 an Order Setting Hearing on Plaintiff's Motion for Sanctions was filed

8. On 4-18-11 an Order Granting Motion for Sanctions and entering default was entered.

9. On 4-19-11 the Defendant file the instant Motion to Set Aside Default.

10. The Defendant asserts the following meritorious defenses:

    A. That although on occasion an individual may be held over 48 hours without being taken before a magistrate, there are exceptions to said rule where a magistrate may not be available or where during said period the detainee had to be taken to the hospital for emergency care, or acts of nature (snow storms or floods)

    B. That the Defendant City of Detroit (consistent with annual State Bar statistics) settles well over 90% of the police cases filed against it. Such settlements negotiated with an attorney only advocating the interests of a specific Plaintiff with specific injuries is a superior method of adjudication or resolution.

    C. Defendant has provided large amounts of discovery materials and is Making every effort to complete same.

Predicated upon the authorities cited and the facts presented above, Defendant City of Detroit respectfully requests the court set aside Plaintiff's Default and allow Defendant to pursue its meritorious defense.

Respectfully submitted,

S/Dennis Burnett
Dennis Burnett
City of Detroit Law Department
1650 First National Building
Detroit, Michigan  48226
(313) 224-4550   ext 3013
burnd@law.ci.detroit.mi.us

DATED: 19 April 2007

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHON AARON BROWN,

    Plaintiff,

vs.

                                      Case No. 10-12162-TLL-CEB
                                      Hon. Thomas L. Ludington

CITY OF DETROIT,

    Defendants.

---

**David L. Haron (P14655)**
**Louis C. Szura (P71764)**
**FRANK, HARON, WEINER and NAVARRO**
**Attorneys for Plaintiffs**
5435 Corporate Drive, Suite 225
Troy, MI 48098
Phone : (248) 952-0400
Fax: (248) 952-0890

DENNIS BURNETT (P-27099)
ATTORNEY FOR THEN DEFENDANTS
1650 FIRST NATIONAL BUILDING
DETROIT, MI 48226
(313) 237-3013
burnd@law.ci.detroit.mi.us

ARTHUR LOEVY
MICHAEL KANOVITZ
JON LOEVY
CINDY TSAI
LOEVY & LOEVY
ATTORNEYS FOR THE PLAINTIFFS
312 NORTH MAY ST., SUITE 100
CHICAGO, IL 69607
TELEPHONE: (312) 243-5900
FACSIMILE: (312) 243-5902
LOEVYLAW@LOVEY.COM

---

## DEFENDANT CITY OF DETROIT'S BRIEF IN SUPPORT OF MOTION TO SET ASIDE DEFAULT

1

Generally, a default may be set aside upon a showing of good cause under FRCP 55(c). To determine whether good cause exists, the court must weigh three factors: whether plaintiff will be prejudiced, whether defendant has a meritorious defense, and whether culpable conduct by defendant lead to the default. Default is the most extraordinary and drastic sanction available to the court. A default is even more extraordinarily harsh where the imposition of liability as a sanction affects a potential class of Plaintiff's of hundreds, if not thousands.

The above captioned case is less than one year old. The Plaintiff (who waited for three years before filing this suit) will not suffer significant prejudice by setting aside the default and continuing discovery with the Defendant City re-doubling its efforts to supply the remaining discovery where it exists. The Defendant has produced a significant volumes of discovery (at no copying charge to the Plaintiff) including:

1. Depositions of several command level Detroit Police Officers familiar with the records maintained on arrestees as well as City policies and procedures.

2. DPD Manual: (Item 5 Request for Documents) All written policies, general orders and directives of the DPD from the year 2000 to present concerning arrests, lengths of detention, conditions of confinement, food services, and probable cause hearings

3. DPD Manual: (Item 7 Request for Documents) The DPD Standard Policy and Procedure Manual that was in effect in 2002, and updates

4. Meal logs,

5. Department of Justice Consent Decree materials and forms

6. Discs containing names and detention information of 6,000 (six thousand) arrestees per agreement with Plaintiff's counsel.

7. The Department of Justice Consent Decree Eleventh Quarter Status Report to the Independent Monitor

8. The Department of Justice Consent Decree 28th Quarter Status Report (For the Quarter Ending September 20, 2010)

9. Detention Officer Training Outline

10. Detainee Forms

11. DPD Lesson Plan Instructor's Guide

12. DPD Lesson Plan Student Guide

13. DPD Directive 305.4    Holding Cell Areas

14. DPD Directive 305.1    Detainee Intake / Assessment

15. DPD Directive 305.5    Detainee Health Care

16. DPD Directive 403.2    Infectious Disease Control

17. DPD Directive 305.8    Detainee Food Service and Hygiene Items

18. DPD Directive 201.1    Arrests

19. DPD Directive 305.9    Fingerprinting and Identification

20. DPD Directive 305.6 Detainee Bonding

Thus, the Defendant's failure to produce all of the volumes of items requested by Plaintiff has not been a wilful violation of the stipulated discovery orders. The limited number of City of Detroit Law Department and Detroit Police Department people available to identify and locate the requested discovery has slowed the discovery process. Unfortunately, the individual at the Detroit Police Department with the most knowledge of most of the discovery which Plaintiff seeks is Commander Jeffrey Romeo (who Plaintiff has deposed). The Commander is and has been literally overwhelmed by Plaintiff's requests inasmuch as he is also the point person on the Department of Justice Consent Decree compliance which is itself much more than a full-time job.

Compounding the City's ability to respond to Plaintiff's discovery requests, was the fact that over the past year and a half the undersigned has under gone 4 (four) abdominal surgeries including a colostomy and bowel resection. The last surgery occurred on January 28, 2011. The undersigned was on medical leave for 8 weeks. I returned on April 4, 2011 and started a trial before the Hon. Robert Colombo, Jr. In <u>Beydoun v. City of Detroit</u> 09-026 547 NI on Wednesday April 6, 2011. (Rather than make my medical records part of the electronic record, I will send the court and opposing counsel a hard copy of my surgeon's return to work form).

On the day I left for surgery the Law Department decided to send this class action suit to outside counsel. As the result of an internal office mis-communication the defense of this case was not sent to outside counsel. Unfortunately, no discovery responses were generated during the 8 weeks of convalescence.

A liability default in the above captioned case may adversely affect the rights of potential class members if the issues of typicality, numerosity, and/or commonality are solely determined by the Complaint as opposed to being honed and defined by actually litigating same. In fact, the ultimate class action issue may not be the proper or advisable subject of a default. Specifically, if the instant class action is not a superior method for the fair and efficient adjudication of the controversy, the rights of the members of the class to pursue their own litigation may e violated.

The Defendant City of Detroit (consistent with annual State Bar statistics) settles well over 90% of the police cases filed against it. Such settlements negotiated with an attorney only advocating the interests of a specific Plaintiff with specific damages is a superior method of adjudication or resolution.

The Defendant is willing to pay the Plaintiff's costs incurred due to the delayed and incomplete discovery in addition to any other monetary sanctions which the court deems proper. This case was filed in mid 2010 and is less than one year old. Furthermore there will be little or no actual prejudice to the Plaintiff in setting aside the default if the City produces the outstanding discovery without further delay. The undersigned humbly requests that the client, City of Detroit, not be punished for my oversights and that in the interests of justice that the Defendant be allowed to defend on the merits so that the class action issues may be developed and equitably involved.

## Conclusion

Predicated upon the facts presented, the authorities cited, and the arguments advanced above, Defendant City respectfully requests the court to set aside the default.

Respectfully submitted,

S/Dennis Burnett

Dennis Burnett
City of Detroit Law Department
1650 First National Building
Detroit, Michigan 48226
(313) 237-3013
burnd@law.ci.detroit.mi.us

DATED: 19 April 2011

I hereby certify that on April 19, 2011, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send notification of such filing to the following:CINDY@LOEVY.COM

S/ Dennis Burnett (P-27099)
City of Detroit Law Department
660 Woodward Avenue, Suite 1650
Detroit, Michigan 48226
(313) 237-3013
burnd@law.ci.detroit.mi.us