UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHNATHAN AARON BROWN,

        Plaintiff,

                                                        Case Number 10-12162-BC
v.                                                     Honorable Thomas L. Ludington

CITY OF DETROIT,

        Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT AND CANCELING HEARING

On April 18, 2011, after nine months of unexplained agreements to produce voluminous documents followed by neglect and inattention by Defendant City of Detroit, the Court granted Plaintiff Jonathan Aaron Brown's motion for sanctions [Dkt. # 25] and entered a default. The Court emphasized that Defendant has repeatedly missed discovery deadlines agreed to by the parties and ignored the Court's orders. Indeed, by the time the Court entered the default, Defendant had stopped speaking to Plaintiff's attorneys, responding to Plaintiff's written inquiries, and appearing for Court-ordered hearings. Defendant demonstrated that it was unwilling or at least no longer interested in defending the case. Accordingly, a default as to liability was entered.

On April 19, 2011, the day after the default was entered, Defendant moved to set aside the default, citing a list of unremarkable excuses and explanations for their inattention to the merits of the case or the consensual discovery agreements. A default may be set aside for "good cause." Fed. R. Civ. P. 55(c). Because Defendant's list of excuses does not demonstrate good cause, Defendant's motion to set aside the default will be denied.

As earlier noted, a district court may set aside the entry of a default if the defendant

demonstrates good cause. Fed. R. Civ. P. 55(c). Entry of a default is a "drastic step" and should not be imposed for an "honest mistake 'rather than willful misconduct, carelessness or negligence.' " *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983). The decision to set aside the entry of a default depends on an evaluation of "1. Whether the plaintiff will be prejudiced; 2. Whether the defendant has a meritorious defense; and 3. Whether culpable conduct of the defendant led to default." *Id.*

Defendant first argues that the default is an unduly harsh sanction, particularly where the affected class of plaintiffs includes "hundreds, if not thousands" of people. The extent of Defendant's potential liability would have been a good reason to responsibly address the case at its commencement. It does not constitute a good reason to set aside a default entered in accordance with law after a party's disregard of the case or the consequences of its inattention to the case.

Defendant next argues that the case is not yet a year old and that the Plaintiff, who filed it three years after the events at issue, will not be prejudiced by minor delays. Defendant emphasizes that it has provided a substantial amount of discovery to Plaintiff, and that it will "re-doubl[e]" its discovery efforts going forward. Defendant's promise to do better is unconvincing when the history of the case is considered. It took the entry of a default to get Defendant's attention, and even then, the motion to set aside the default does not provide a single citation to case authority for the relief it seeks. Even though setting aside the default may not significantly prejudice Plaintiff, the sanction remains necessary to advance the case. The consequences to Defendant are not as severe as they may initially seem. The Court entered a default only as to liability. The definition and therefore scope of the classes are yet to be determined. Accordingly, the amount of damages that might be implicated are completely unknown.

Defendant next contends that its noncompliance with agreed discovery deadlines and Court orders was the result of the "literally overwhelm[ing]" volume of Plaintiff's discovery requests. The Court would consider a motion for a protective order challenging Plaintiff's entitlement to specific items or requesting time extensions based on the volume of the request. But Defendant has not filed a single discovery motion challenging Plaintiff's substantive entitlement as an individual, or as a class representative, to a particular item of discovery or requesting additional time. Rather, Defendant simply ignored Plaintiff's requests and the Court's orders.

Defendant next emphasizes that its lead attorney on this case has experienced significant health problems in the past year, and missed eight weeks of work from early January to early April. While the Court understands that health problems can incapacitate a single attorney, there is no indication that the City of Detroit's entire law department is ill. Attorneys who will be absent because of an illness and their supervisors have an obligation to ensure that their clients' obligations are met and that their clients' interests are protected. Here, Plaintiff contacted the lead attorney and his supervisor on numerous occasions, receiving no response. A single attorney's illness does not excuse Defendant's neglect of the case.

Finally, Defendant argues that the class of prospective Plaintiffs will be harmed because there will be no opportunity to litigate how the class will be defined. This argument misconstrues the Court's order entering the default. The default is as to liability only. The appropriate method for defining and notifying the class is yet to be determined.

Ultimately, Plaintiff would not be significantly prejudiced by setting aside the default, but Defendant has not identified a meritorious defense or explained why its culpable conduct should be excused. *United Coin Meter Co.*, 705 F.2d 845. Defendant has not demonstrated good cause to set

aside the default.

Accordingly, it is **ORDERED** that Defendant's motion to set aside the entry of default [Dkt. # 29] is **DENIED**.

It is further **ORDERED** that the hearing and settlement conference scheduled for May 18, 2011 are canceled based on the Court's determination that the hearing would not aid in resolution of the motion and the settlement conference is unnecessary at this time. *See* E.D. Mich. L.R. 7.1(f)(2).

                                              s/Thomas L. Ludington
                                              THOMAS L. LUDINGTON
                                              United States District Judge

Dated: May 16, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 16, 2011.

                                  s/Tracy A. Jacobs
                                  TRACY A. JACOBS