UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JONATHON AARON BROWN,

       Plaintiff,

                                    Case Number 10-12162
v.                                       Honorable Thomas L. Ludington

CITY OF DETROIT,

       Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO STRIKE, DIRECTING ADDITIONAL BRIEFING, AND SCHEDULING STATUS CONFERENCE ON JUNE 6, 2011

On April 18, 2011, the Court issued an order granting Plaintiff Jonathan Aaron Brown's motion for sanctions, and entering a default as to liability only against Defendant City of Detroit. Although a default as to liability was entered, a large number of issues remain, including whether to certify a class (or classes), the size of the class, and the scope of Defendant's liability. The Court set an initial hearing date of May 31, 2011 to begin considering whether class certification would be appropriate, and if so, how to notify the class.

At a status conference held on that date, the Court discussed the remaining issues with the parties and agreed that additional briefing and discovery would be necessary to resolve the remaining issues.

Accordingly, it is **ORDERED** that Defendant is directed to file a supplemental brief on or before **June 30, 2011** outlining all of the reasons it believes that the detention of some persons for more than 48 hours following their arrests without a judicial determination of probable cause complied with the Fourth Amendment. *See County of Riverside v. McLaughlin*, 500 U.S. 44, 55 (1991). The brief should list each so-called exception to the *County of Riverside* rule, and explain

the factual circumstances and legal justification for the "exception."

It is further **ORDERED** that Plaintiff is directed to file a response on or before **July 22, 2011** responding to Defendant's explanations. The brief should also address the interplay between municipal liability under 42 U.S.C. § 1983, as it has been defined by the Supreme Court in *Monnell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978) and its progeny, and Plaintiff's burden under Rule 23 of demonstrating class certification is appropriate.

It is further **ORDERED** that a status conference will be held in Room 824 of the Theodore Levin Federal Courthouse in Detroit, Michigan on **June 6, 2011 at 11:30 a.m.** to discuss outstanding discovery issues, and to ensure that issues with regard to communication and the production of necessary information have been resolved. In addition to Defendant's counsel, a representative from the Defendant with responsibility for compiling and producing discovery should be in attendance.

It is further **ORDERED** that Plaintiff's motion to strike the exhibit attached to Defendant's May 26, 2011 brief [Dkt. # 37] is **DENIED**. The parties explained at the status conference that the affirmation errors have been corrected. The other issues with regard to admissibility of certain information contained within the affidavit do not provide a justification for striking it. *See* Fed. R. Civ. P. 12(f) (authorizing the Court to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."). Defendant is directed to file a signed and notarized copy of the affidavit as a supplemental exhibit.

                                                s/Thomas L. Ludington
                                                THOMAS L. LUDINGTON
                                                United States District Judge

Dated: June 2, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 2, 2011.

          s/Tracy A. Jacobs
          TRACY A. JACOBS